IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00196 SOM |
|---|---|---|
| | ) | CIV. NO. 10-00674 SOM/KSC |
| Plaintiff, | ) | |
| | ) | ORDER REGARDING "REQUEST |
| vs. | ) | CLARIFICATION AND |
| | ) | RECONSIDERATION ON OBJECTIONS |
| TODD ANTHONY HERNANDEZ, | ) | ENTERED" AND DENYING "MOTION |
| | ) | TO MAKE A COMPLETE FINDING OF |
| Defendant. | ) | FACT AND CONCLUSION OF LAW TO |
| | ) | RECTIFY A GRAVE MANIFEST |
| | ) | MISCARRIAGE OF JUSTICE, |
| | ) | PURSUANT TO FED. R. CIV. P., |
| | ) | RULE 52(a)" |
| _____ | ) | |

ORDER REGARDING "REQUEST CLARIFICATION AND RECONSIDERATION
ON OBJECTIONS ENTERED" AND DENYING "MOTION TO MAKE A
COMPLETE FINDING OF FACT AND CONCLUSION OF LAW TO
RECTIFY A GRAVE MANIFEST MISCARRIAGE OF JUSTICE,
PURSUANT TO FED. R. CIV. P., RULE 52(a)"

On September 9, 2011, Todd Hernandez filed two documents: his "Request Clarification and Reconsideration on Objections Entered," and his "Motion To Make Complete Finding of Fact and Conclusion of Law To Rectify a Grave Manifest Miscarriage of Justice, Pursuant to Fed. R. Civ. P., Rule 52(a)."

The Request asks several questions.

First, the Request asks why a civil case number was assigned to this matter. This court responds that its practice is to assign any petition for relief under 28 U.S.C. § 2255 a civil case number for administrative purposes, while also noting the case number of the underlying criminal case on its documents. The civil case number reflects the reality that a § 2255 petition

is not itself a criminal proceeding.  Thus, while based on an
underlying judgment in a criminal case, it does not, for example,
commence with an indictment, and cannot result in the kind of
judgment that might be entered in a criminal case.  Among other
things, the presumption of innocence applicable to a person
charged with a crime does not apply in a § 2255 proceeding, the
Government does not have the burden of proving its position
beyond a reasonable doubt in a § 2255 proceeding, and an indigent
petitioner is not entitled to court-appointed counsel in a § 2255
proceeding.  Nor is a judgment in a § 2255 proceeding subject to
the shorter appeal deadline applicable in a criminal action.  The
assignment of a civil case number does not prejudice Hernandez in
any way.  If the court simply filed documents under the criminal
case number without reflecting any civil case number, Hernandez
would not thereby have greater rights.

Second, Hernandez asks whether a proceeding brought
under Rule 60(b)(3) of the Federal Rules of Civil Procedure must
be brought within one year of judgment.  The court refers
Hernandez to Rule (c)(1) of the Federal Rules of Civil Procedure,
which states, "A motion under Rule 60(b) must be made within a
reasonable time-and for reasons (1), (2), and (3) no more than a
year after the entry of the judgment or order or the date of the
proceeding."  However, the court cannot discern the applicability
of Rule 60(b)(3) to this § 2255 proceeding, as Rule 60(b)(3)

applies to proceedings occurring after a judgment has been entered in a civil case, and there has been no judgment entered in the present civil action yet.

Third, Hernandez asks the court to confirm that Rule 2 includes a statement he provides on page 2 of his Request. The statement he quotes appears in the note on the 1976 adoption of the rule, not in the text of the rule itself. The statement says that a movant "should not be barred from an appropriate remedy because he misstyled his motion." The court cannot discern the applicability of this language to the present proceeding, as Hernandez has not been denied relief based on a misstyling of his § 2255 petition. To the contrary, Hernandez was asked by the court to indicate whether he wanted his papers, which purported to be based on Rule 60(b) of the Federal Rules of Civil Procedure, considered to be his § 2255 petition. When Hernandez said that he did, the court so construed his papers.

Fourth, Hernandez asks whether his documents are to be liberally construed, but he does not point to any specific instance in which his documents were not liberally construed.

To the extent the Request seeks relief other than the preceding responses by this court, the Request is denied, as it either (1) raises matters already ruled on by the court without presenting reasons that the court should reconsider the matters,

or (2) raises new matters without presenting reasons that the matters could not have been timely raised.

The court turns next to the Motion. The Motion asks this court to issue findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure. The court declines to provide such findings and conclusions. Rule 52(a)(1) provides for such findings and conclusions in "an action tried on the facts without a jury or with an advisory jury." This § 2255 proceeding was not the subject of any trial. Instead, this court ruled on what it construed as a motion or petition for relief under § 2255. Rule 52(a)(3) states, "The court is not required to state findings or conclusions when ruling on a motion under Rule 12 or Rule 56 or, unless these rules provide otherwise, on any other motion."

Hernandez's Motion then asserts that he is attempting to comply with the court's orders. Despite that assertion, nothing in the Motion actually complies with the court's direction that, if Hernandez finds that this court has overlooked issues he timely raised, Hernandez identify those issues in a manner detailed by the court. Specifically, on page 31 of its order of June 29, 2011, which denied the § 2255 petition, the court stated:

> For each such issue Hernandez identifies, his written submission must include (1) the ECF No. Of the document in which the issue was raised (i.e., ECF Nos. 157, 158, 159, 163, 176, 178, or 179), (2) the exact page number

> on which the issue was raised, and (3) a quotation that
> consists of 25 words or less from the specified page .
> . . that sets forth the missed issue.  In no event may
> Hernandez include in his written submission anything
> other than the above-enumerated three items for each
> issue he says the court overlooks.  Any argument not so
> identified will be deemed to be waived.

Hernandez previously submitted a document that did not comply with the court's instructions.  The court struck the document and extended the deadline for Hernandez to identify overlooked issues in the form ordered by the court.  Hernandez now submits the Motion, but it too is noncompliant.

The court has nevertheless studied the Motion, trying to determine whether anything in it suggests that the court has overlooked a properly raised issue.  Discerning no overlooked issue, the court denies the Motion to the extent it seeks any relief.

The court now directs the Clerk of Court to enter judgment consistent with the ruling filed on June 29, 2011.  Hernandez is reminded that if, after judgment has been entered, he seeks reconsideration, he is limited to a memorandum that is no longer than either 30 pages or 9000 words.  If Hernandez opts for the page limit rather than the word limit, Hernandez must comply with the court's formatting rules.  That is, text should be double-spaced except for his contact information, the case name, footnotes, quotations, and exhibits.  If he uses the font type he used for his Motion To Make Complete Finding of Fact and

Conclusion of Law To Rectify a Grave Manifest Miscarriage of Justice, Pursuant to Fed. R. Civ. P., Rule 52(a), he must use a type size no smaller than the type size he used for that document (i.e., 12-point type). The type size applies to footnotes (that is, footnotes may not be in smaller type). Hernandez may not switch the font to squeeze more letters into a line. If he uses a font that results in more letters on a line, such as Times New Roman, he must increase the type size. If Hernandez opts for the word limit, he is reminded that, as the court noted in its order of June 29, 2011, the word limit includes headings and footnotes. The court will disregard anything exceeding whichever limit Hernandez selects, and the court will not entertain any request to exceed the limit.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 12, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

United States v. Todd A. Hernandez; CR. NO. 05-00196 SOM; CIV. NO. 10-00674 SOM/KSC; ORDER REGARDING "REQUEST CLARIFICATION AND RECONSIDERATION ON OBJECTIONS ENTERED" AND DENYING "MOTION TO MAKE A COMPLETE FINDING OF FACT AND CONCLUSION OF LAW TO RECTIFY A GRAVE MANIFEST MISCARRIAGE OF JUSTICE, PURSUANT TO FED. R. CIV. P., RULE 52(a)"